IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Fiona Chen, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:20-cv-50458 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Janet Yellen, et al., ) | |
| ) | |
| *Defendants*. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion for leave to amend her complaint. Dkt. 46. She has also filed a motion to strike Defendants' response to her motion for leave to amend or, alternatively, for leave to file a reply. Dkt. 51. For the following reasons, the motion for leave to amend is granted, and the motion to strike or file a reply is denied.

### I. BACKGROUND

Plaintiff filed the instant lawsuit in November 2020. In her initial complaint ("the Complaint"), Plaintiff made the following allegations. In 2007, during her employment as an Internal Revenue Agent for the IRS, she sought assistance with filing a grievance and an Equal Employment Opportunity complaint against her former manager, Rebecca Solano. Defendant Peacher recommended to Plaintiff that she seek out Defendant Panepinto to be her representative. Both Defendants Panepinto and Peacher provided advice to her throughout the grievance process. Defendant Panepinto told Plaintiff's managers (Defendants Kilmnick and Trier) that Plaintiff had conducted background checks on them, which was information Plaintiff had intended to remain confidential. Defendants Kilmnick and Trier then reported her to the Treasury Inspector General for Tax Administration ("TIGTA"), which initiated a criminal investigation of her that continued after she resigned from the IRS. Plaintiff also asserts that Defendant Panepinto contributed to a hostile work environment that led her to resign in 2008. Further, Plaintiff alleges that she learned of the TIGTA investigation in 2009 but obtained "other insights and facts" about the events between 2018 and 2020.[1]

---

[1] Plaintiff previously filed two lawsuits arising out of similar facts to those alleged in the current complaint. In 2011, Plaintiff filed suit in the Circuit Court of Cook County, alleging breach of contract and breach of fiduciary duty. Exhibit 1, Dkt. 26-2. The court ultimately dismissed her claims for lack of subject-matter jurisdiction in April 2012. Exhibit 2, Dkt. 26-3. Thereafter, in 2014, Plaintiff filed suit in federal court alleging a Title VII violation. Summary judgment was granted for the defendants in that case in September 2021. *Chen v. Yellen*, 3:14-CV-50164, 2021 WL 4226202 (N.D. Ill. Sept. 16, 2021).

1

The Complaint named as Defendants Secretary of the U.S. Department of Treasury Janet Yellen, the TIGTA, the Employee Conduct and Compliance Office, Jamy Kimnick, and Gayle Trier (hereinafter referred to as "the federal Defendants"), and the National Treasury Employees Union ("NTEU"), Lesia Panepinto, and Michael Peacher (hereinafter referred to as "the NTEU Defendants"). The Complaint set out three claims: (1) that the Treasury violated her Fifth Amendment right to due process with respect to the criminal investigation; (2) that the Treasury violated her Sixth Amendment right to be notified of the criminal investigation and informed of the crimes under which she was investigated along with any information about the criminal investigation procedure; and (3) that the NTEU Defendants and Defendants Kilmnick and Trier conspired to deprive her of her civil rights in violation of 42 U.S.C. § 1985(3).

In May 2021, both sets of Defendants filed motions to dismiss. *See* Dkts. 26, 28. The Court ordered Plaintiff to file a response or a motion for leave to file an amended complaint. After three motions for extensions of time, Plaintiff filed the current motion for leave to amend in October 2021 with the proposed amended complaint attached as an exhibit. *See* Dkt. 46. The proposed amended complaint seeks to add three new defendants, two new claims, and various factual allegations. Both sets of Defendants have filed their opposition to the motion. *See* Dkts. 48, 50. Plaintiff subsequently filed a motion to strike Defendants' response or, alternatively, for leave to file a reply. *See* Dkt. 51.

## II. DISCUSSION

Federal Rule of Civil Procedure 15 governs amendments to pleadings. The Court should freely grant leave to allow a plaintiff to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[i]t is within the sound discretion of the district court whether to grant or deny a motion to amend." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

In her motion, Plaintiff asserts that the proposed amended complaint should be allowed because it cures the defects alleged in both sets of Defendants' motions to dismiss. Pl.'s Mot. at 2, Dkt. 46. She also points out that the amended complaint clarifies that the timeframe of the injury for which she is seeking relief is after her resignation from the IRS. *Id*. She states that the proposed new defendants are individuals she has not named in any previous lawsuit. *Id*. at 3.

All Defendants oppose Plaintiff's motion for leave to amend her complaint on the basis that any amendment would be futile. Def.'s Resp. at 1, Dkt. 48; Def.'s Resp. at 1, Dkt. 50. Specifically, the federal Defendants argue that amendment would be futile because the proposed amended complaint does not cure the deficiencies raised in their pending motion to dismiss. Def.'s Resp. at 1-2, Dkt. 48. They adopt their arguments from the motion to dismiss, asserting that Plaintiff's claims are preempted by Title VII, barred by sovereign immunity, untimely, and collaterally estopped. *Id*. at 3. Regarding the new malicious prosecution claim, they argue that Plaintiff cannot establish the threshold element and, even if she could, the claim would be barred by sovereign immunity. *Id*.

The NTEU Defendants argue that amendment would be futile also for the same reasons they set out in their motion to dismiss. Def.'s Resp. at 4, Dkt. 50. First, they reiterate an argument from the motion to dismiss that Plaintiff's claims are precluded by the Civil Service Reform Act ("CSRA"). *Id*. at 4-5. They assert that the new claims Plaintiff alleges in the proposed amended complaint are also precluded under the CSRA. *Id*. at 6-7. Second, again adopting the arguments from their motion to dismiss, they contend that Plaintiff fails to make a sufficient allegation of racial animus and that her section 1985(3) claim is time-barred. *Id*. at 7. Regarding the new claims, they argue that Plaintiff cannot establish the threshold element of the malicious prosecution claim and her section 1986 claim is also time-barred. *Id*. at 8.

The Court declines to engage in a futility analysis at this time for two reasons. First, the Seventh Circuit has stated that denying a motion for leave to amend is generally disfavored, especially when the plaintiff has not yet had an opportunity to amend their complaint. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). "In light of the presumption in favor of giving plaintiffs at least one opportunity to amend, denying a plaintiff that opportunity carries a high risk of being deemed an abuse of discretion." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and N.W. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015) (internal citation omitted). Given that Plaintiff has not yet filed any amended complaint, the Court finds it proper to give her that opportunity.

Second, the Seventh Circuit has noted that "cases of clear futility at the outset of a case are rare." *Runnion*, 786 F.3d at 520. Relatedly, courts around the country have found that futility arguments made in opposition to the filing of an amended are often better suited for consideration in the context of a motion to dismiss, especially when there is already a dispositive motion pending.

> [I]t is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions . . . Particularly where futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend places the cart before the horse, and rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.

*Complete Merchant Sols., LLC v. Fed. Trade Commn.*, 219CV00963HCNDAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) (internal quotations and citations omitted); *see G.P. Muggie & Sons, LLC v. Hammon Plating Corp.*, 16-CV-05908-LHK, 2017 WL 5451755, at *4 (N.D. Cal. Nov. 14, 2017) (declining to find the amendment futile in part because "courts usually defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed") (internal quotations and citation omitted); *MW Builders, Inc. v. Fire Protec. Group, Inc.*, 16-2340-JAR, 2017 WL 3994884, at *3 (D. Kan. Sept. 7, 2017) ("[T]he court declines to find that the amendments are futile, and instead defers consideration of FPG's futility arguments to the presiding U.S. District Judge, if and when FPG files a motion to dismiss the amended complaint."); *Lau v. Ambani*, CV 16-6288, 2017 WL 7693353, at *2 (E.D. Pa. Aug. 11, 2017) ("[Defendants' futility arguments] will be better addressed

3

in any renewed motions [to dismiss] based on the amended complaint so that all relevant grounds for dismissal may be presented in comprehensive motions, and the Court declines to engage in further analysis at this time."); *Summerville v. Gregory*, CIV.A. 14-7653 KM, 2015 WL 4623515, at *3 (D.N.J. Aug. 3, 2015) ("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss."); *Lauren v. PNC Bank, N.A.*, 2:14-CV-0230, 2014 WL 1884321, at *3 (S.D. Ohio May 12, 2014) ("[I]t is usually a sound exercise of discretion to [allow the amended pleading] and to allow the merits of the claim[s] to be tested before the District Judge by way of a motion to dismiss."). This is true even when the proposed amended complaint seeks to add new defendants. *See G.P. Muggie*, 2017 WL 5451755, at *3; *Lauren*, 2014 WL 1884321, at *1.

Here, both sets of Defendants have pending motions to dismiss and make arguments in their briefs opposing the amended complaint that are duplicative of the arguments raised in their respective motions to dismiss. As such, this Court finds that, in the interests of judicial economy, the futility arguments are better suited for consideration in the context of motions to dismiss. Denying Plaintiff leave to amend would not eliminate the need for the District Judge to rule on the pending motions to dismiss the Complaint, and the Court concludes that it would be a better use of judicial resources for all arguments concerning the dismissal of Plaintiff's claims to be presented to the District Judge at the same time. Therefore, Plaintiff's motion for leave to amend her complaint is granted.

By permitting Plaintiff to file her proposed amended complaint, the Court is not opining on the sufficiency of those claims. Rather, the Court finds that judicial economy would be better served by allowing Plaintiff an opportunity to amend her complaint and allowing any objections to such complaint to be addressed in a motion to dismiss. With respect to any future attempts to amend her complaint, however, the Court cautions Plaintiff that a court may choose to take additional factors into consideration, such as whether the party previously had an opportunity to amend or the burden of the case on the judicial system. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "failure to cure deficiencies by amendments previously allowed" can constitute a valid reason to deny leave to amend); *Ft. Howard Paper Co. v. Stand. Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990) (affirming the trial judge's decision to deny amendment after finding that the judge's distress over the history of the case and its hardships on the legal system constituted legitimate concerns); *Driveline Sys., LLC v. Arctic Cat, Inc.*, 08 CV 50154, 2014 WL 6674721, at *5 (N.D. Ill. Nov. 24, 2014) ("The burden on the judicial system can justify a denial of a motion to amend even if the amendment would cause no hardship at all to the opposing party.") (citing *Perrian,* 958 F.2d at 195).

**Motion to strike response or file a reply[2]**

Given that the Court is granting Plaintiff's motion for leave to amend her complaint, her requests to strike Defendants' response or file a reply is denied as moot.

### III. CONCLUSION

---

[2] In this motion, Plaintiff also reiterates her request that the Court stay the case. The Court declines to address this because the request has already been denied. *See* Dkt. 52.

The Court grants Plaintiff's motion for leave to amend her complaint and denies the motion to strike Defendants' response or, alternatively, for leave to file a reply.


Date: October 28, 2021

                                          Lisa A. Jensen
                                          United States Magistrate Judge