IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Fiona Chen,<br><br>      Plaintiff,<br><br>   v.<br><br>Janet Yellen,[1] the Treasury Inspector General for Tax Administration, the Employee Conduct and Compliance Office, Jamy Kilmnick, Gayle Trier, Lesia Panepinto, Michael Peacher, the National Treasury Employees Union, Rebecca Solano, Charles Turek, and Anne Dasovic,<br><br>      Defendants. | Case No. 3:20-cv-50458<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Fiona Chen, a former revenue agent with the Internal Revenue Service, brings this action *pro se* seeking recovery for what she sees as violations of her constitutional rights under the Fourth, Fifth, and Sixth Amendments. She sues the Secretary of the Treasury, Janet Yellen; the Treasury Inspector General for Tax Administration (TIGTA); the Employee Conduct and Compliance Office (ECCO); her former supervisors Jamy Kilmnick and Rebecca Solano; and Gayle Trier, who was a Territory Manager at the IRS during the relevant period. These Defendants are referred to as the "Federal Defendants." Furthermore, she sues the National

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) (providing for automatic substitution), the Court removes former Secretary of the Treasury Steven Mnuchin from this case and adds Janet Yellen, the current Secretary of the Treasury.

1

Treasury Employees Union (NTEU); Lesia Panepinto, her union representative; Michael Peacher, Regional Vice President of the NTEU; Anne Dasovic, an attorney for the NTEU; and Charles Turek, Regional President of the NTEU. These Defendants are referred to as the "NTEU Defendants." Both the Federal Defendants and the NTEU Defendants move the Court to dismiss Chen's suit against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The NTEU Defendants also move to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Court will not dismiss for lack of jurisdiction but the motions to dismiss for failure to state a claim [63, 65] are granted.

## I. Background

This case is one of at least three lawsuits that resulted from Plaintiff Fiona Chen's employment at the Internal Revenue Service, which falls under the umbrella of the U.S. Department of the Treasury. On July 28, 2014, Chen filed an employment discrimination action in this Court against the Secretary of the Treasury. More than seven years later, on September 16, 2021, this Court granted the Secretary's motion for summary judgment and entered judgment against Chen. During that litigation, Chen moved the Court to amend her complaint to add, among other things, the Fifth and Sixth Amendment claims at issue in this suit. *Chen I*, No. 15-cv-50164 (N.D. Ill. Nov. 16, 2020), at Dkt. 215. The next day, the Court denied that motion because Chen had failed to show sufficient diligence under Rule 16. *Chen I*, No. 15-cv-50164 (N.D. Ill. Nov. 17, 2020), at Dkt. 216.

Because the Court denied her motion to amend, Chen then filed this separate suit on November 23, 2020, alleging that she was subjected to a criminal investigation without the representation of an attorney or sufficient due process, as well as conspiracy and malicious prosecution.

Many of the allegations in Chen's complaint are irrelevant to those claims. Other allegations reflect unsupported and irrational speculation. Still other allegations are known falsehoods. For example, a central allegation in this action is that Chen was subjected to a criminal investigation or proceeding. She was not, and she knows she was not. Indeed, she admits that in her responsive briefs and instead argues that it isn't a requirement of the claims presented. Indeed, her response briefs are rife with uncited legal propositions that are inarguably wrong.

## II.  Analysis

A motion to dismiss under Federal Rule of Civil Procedure 12(b) challenges the sufficiency of the plaintiff's complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). In reviewing a Rule 12(b) motion to dismiss, the Court accepts the allegations in the plaintiff's complaint as true and asks only whether those allegations are sufficient to state a plausible claim. *Id.* The defendant, as the moving party, bears the burden of establishing the insufficiency of the plaintiff's allegations. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). Furthermore, federal courts construe *pro se* complaints liberally. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). When presented with both a Rule 12(b)(1) motion to dismiss for lack of jurisdiction along with a Rule 12(b)(6) motion, the Court should address the

jurisdictional question first, as it is a threshold question. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869)).

### a. Scope of this action

To begin, the Court must point out what this case is about, and what it is not about. This case is not about employment discrimination. And this case is not about the NTEU Defendants' duty of fair representation.

Chen has already sued the Secretary of the Treasury in this Court for what she believed to be employment discrimination stemming from her time as a revenue agent with the Internal Revenue Service. That case resulted in summary judgment for the Secretary. *Chen v. Yellen (Chen I)*, No. 3:14-cv-50164, 2021 U.S. Dist. LEXIS 176350 (N.D. Ill. Sept. 16, 2021). Any claim for employment discrimination stemming from her time with the Internal Revenue Service remains squarely within the confines of her prior suit, which is now on appeal. The very limited scope of this action is Chen's assertion that her rights under the Fourth, Fifth, and Sixth Amendments were violated when her conduct was referred to TIGTA and ECCO for a potential investigation, and whether that referral constituted a malicious prosecution or a conspiracy to do the same.

Notwithstanding the narrow scope of this action, Chen repeatedly alleges facts that are only relevant to her previous employment discrimination case.

4

Indeed, a large portion of her 33-page complaint is not relevant to this action. To be clear, *all* claims related to employment discrimination are outside the scope of this action. Judge Kapala in an early order in *Chen I*, explained that "Title VII is the preemptive and exclusive remedy for claims of discrimination in federal employment." *Chen v. Lew*, No. 14-cv-50164, 2015 U.S. Dist. LEXIS 200547, at *4 (N.D. Ill. Oct. 9, 2015). Because of that, Judge Kapala dismissed all non-Title VII claims related to employment discrimination with prejudice. *Id*. Having already been decided, the Court will not now relitigate the question. *Waagner v. United States*, 971 F.3d 647, 657 (7th Cir. 2020). In *Waagner*, the Seventh Circuit explained that collateral estoppel prevents relitigation of an issue resolved in previous litigation when the issue is the same as that involved in the previous action, the issue was actually litigated, the determination was essential to the final judgment, and the party against whom estoppel is sought was a party in the previous action. *Id*. All those conditions are met here. Chen was the plaintiff in *Chen I*. The issue was the same and was squarely before the Court, litigated, and decided. *Chen v. Lew*, 2015 U.S. Dist. LEXIS 200547, at *4. And the holding was essential to the final opinion. Although the order itself did not end the litigation, it was the Court's final say on that issue.

So, all non-Title VII claims related to employment discrimination were already dismissed *with prejudice* and are now precluded under collateral estoppel from being relitigated. And Chen's Title VII employment discrimination case resulted in summary judgment for the Secretary. Therefore, all litigation related to

employment discrimination has either concluded, or is the subject of her appeal in *Chen I. See Prymer v. Ogden*, 29 F.3d 1208, 1213 n.2 (7th Cir. 1994) (collateral estoppel applies to decisions pending on appeal). Thus, the factual allegations regarding employment discrimination are irrelevant to this action (except to provide context), which is necessarily limited in scope because of collateral estoppel.

This action is also not about any claims for breach of contract or breach of any duty of fair representation allegedly perpetrated by the NTEU Defendants. Again, Chen already litigated that issue in the Circuit Court of Cook County. There, the court dismissed her claims for lack of subject-matter jurisdiction. The court explained that those claims are exclusively reviewable by the Federal Labor Relations Authority, pursuant to the Civil Service Reform Act. *Chen v. Nat'l Treasury Emps. Union*, No. 11 L 9633 (Cir. Ct. Ill. April 18, 2012), Dkt. 66-2, at 2.[2] Nor does her complaint attempt to relitigate that question. On the contrary, Chen expressly lists the claims she brings in individual counts. In Counts I and II, she brings claims under the Fifth and Sixth Amendments against the Secretary of the Treasury. In Count III, she brings a claim for conspiracy under 42 U.S.C. § 1985(3) against Defendants Kilmnick, Trier, Panepinto, and Peacher, as well as the NTEU. In Count IV, she brings a claim (which she clarifies is in the alternative) for malicious prosecution, though she does not actually name the defendants against whom the claim is brought. Chen also makes passing reference to 42 U.S.C. § 1986,

---

[2] The cited opinion does not appear on Westlaw or Lexis. Nevertheless, the NTEU Defendants appropriately attached it to their motion, and the Court may take judicial notice of court opinions. *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 545 (7th Cir. 2014).

which generally provides a right of action if a defendant neglects to prevent a conspiracy. Those claims represent the full scope of this action. Chen's other allegations refer to issues not properly before this Court because she is precluded from relitigating past issues decided in other cases. And in her responsive briefs, Chen acknowledges the limited scope of this action. She repeatedly argues that this case addresses only the time after she left the IRS, notwithstanding her repeated allegations regarding employment discrimination in her complaint.

### b. NTEU Defendants' Rule 12(b)(1) motion

The NTEU Defendants move to dismiss for lack of jurisdiction. Because that is a threshold question, the Court addresses it first. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The motion is premised on the contention that Chen's claim in this action is for breach of the NTEU Defendants' duty of fair representation. They argue that the Civil Service Reform Act requires that such claims be directed to the Federal Labor Relations Authority, and that federal district courts lack subject-matter jurisdiction over these claims. Dkt. 66, at 4–5. But as the Court explained above, this case is not about a duty of fair representation. The Court understands why the NTEU Defendants interpreted Chen's complaint as attempting to bring a breach of fair presentation claim. Indeed, Chen's complaint is rife with irrelevancies and conspiracy theories that would confuse even the most diligent reader. The complaint, however, expressly identifies

Chen's claims in individual counts—breach of fair representation is not included.³ Although the NTEU Defendants argue that Chen's claims against them amount to an assertion that they breached their duty of fair representation, the Court declines to dismiss for lack of subject-matter jurisdiction on that argument. Indeed, the better question is whether Chen has stated a claim for conspiracy or malicious prosecution, and that is not a jurisdictional question.

### c. Sixth Amendment

Chen brings a claim under the Sixth Amendment. She alleges that she "was subject to a secret criminal investigation by the Treasury without the protection of the Sixth Amendment Rights." Dkt. 54, ¶ 107. She continues that "[i]n absence of knowledge and as a private person Chen was stripped of any chance to knowledge [sic] and defend herself in the event that an indictment would have been issued against her." *Id.* ¶ 125. Thus, Chen acknowledges in the operative complaint that no criminal charges were ever filed against her. She merely believes the Sixth Amendment protects her when criminal charges are possible. Indeed, in her response brief she confirms that her argument is essentially that the Treasury, through TIGTA and the ECCO, should have referred its investigation to a federal prosecutor so that charges could be filed, thus permitting Chen to clear her name in court. *E.g.*, Dkt. 84, at 10–11.

---

³ Although a complaint need not identify legal theories, *see Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002), the complaint does not plead facts to plausibly state a claim for a breach of duty of fair representation.

The Sixth Amendment provides criminal defendants with important protections:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. VI amend. The text of the Sixth Amendment, however, confirms that it applies only to criminal prosecutions. Thus, it is well settled that the right does not attach until a criminal prosecution is commenced. *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 198 (2008). Commencement of a criminal prosecution, for the purposes of the Sixth Amendment, occurs at the "initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Id.* (quoting *United States v. Gouveia*, 467 U.S. 180, 188 (1984)). Before this, no Sixth Amendment right attaches. *United States v. Thomas*, 39 F.Supp.3d 1015, 1021 (N.D. Ill. 2014). Thus, contrary to Chen's argument, the Sixth Amendment does not protect a person that is merely subjected to a criminal investigation, rather than an adversarial criminal proceeding.

To be clear, Chen wasn't actually the subject of a criminal investigation. Indeed, Chen is the only person asserting that she was the subject of a criminal investigation, even though she has no reason to believe that. She refers to Kilmnick's referral of her conduct to the TIGTA, but as the documents produced in *Chen I* showed, the referral was clearly a non-criminal, personnel matter. *Chen I*,

9

2021 U.S. Dist. LEXIS 176350, at *24. Indeed, Chen previously tried to argue that this referral to TIGTA was a criminal matter and lost because documentation affirmatively and undisputedly proved that no criminal investigation occurred.[4] Therefore, even if the United States Supreme Court were to suddenly abandon the well-settled rule that the Sixth Amendment attaches only after formal adversarial criminal proceedings begin, Chen still would have no claim under the Sixth Amendment because no criminal investigation ever occurred. This is a civil matter, and to argue that the Sixth Amendment applies to civil actions is frivolous. *Miller v. Ninkovic*, 715 F. App'x 561, 562 (7th Cir. 2018); *Kinsey v. King*, 257 F. App'x 136, 138 (11th Cir. 2007); *Brik v. Richmond Cnty. Family Ct.*, No. 21-cv-5353, 2021 U.S. Dist. LEXIS 244330, at *3–4 (E.D.N.Y. Dec. 22, 2021); *Jones v. Biltoft*, No. 14-3031, 2014 U.S. Dist. LEXIS 72409, at *9–10, n.5 (D. Kan. May 28, 2014); *Lankster v. Williams*, No. 11-00434, 2012 U.S. Dist. LEXIS 37490, at *15 (S.D. Ala. Mar. 5, 2012); *Hein v. Kimbrough*, No. 1:09-cv-1791, 2011 U.S. Dist. LEXIS 171227, at *50–51 (N.D. Ga. Mar. 28, 2011). The motions to dismiss Chen's Sixth Amendment claim are granted.

### d. Fifth Amendment

Chen has been clear that this case is not about her time at the Internal Revenue Service. Nonetheless, the allegations in her Fifth Amendment claim

---

[4] Regardless of Chen's repeated use of the word "criminal," she is well aware that the TIGTA referral was not criminal in nature and that this Court previously held the same. Indeed, she points that out in her own brief. Dkt. 84, at 24 (admitting that "the court in Chen's Title VII case decided that Kilmnick complaint did not satisfy the criminal threshold of a criminal complaint and was barely civil in nature").

pertain to her employment as a revenue agent at the IRS. She recites grievances from her last case, like her contention that Rebecca Solano failed to give Chen some employment records, that Gayle Trier threatened to send Chen back to Solano's group, that she therefore declined to file grievances against Kilmnick, and that Kilmnick took notes documenting each interaction he had with Chen. Dkt. 54, ¶¶ 84–90. As noted above, these employment related allegations are not relevant to Chen's claims in this suit except to provide context.

Under the Fifth Amendment section, Chen continues by alleging the circumstances under which the "investigation" began. She notes that Kilmnick and Trier contacted TIGTA, the internal inspector general within the Treasury. That referral occurred because Chen had decided to do background investigations on her superiors. As part of her background investigation, she discovered that Trier's husband once lived at an address that was the same as an address that Kilmnick's wife once lived at. Chen's personal investigation into her superiors—as well as her decision to use that thread of information to make unfounded accusations against Kilmnick and Trier—were the subject of the referral to TIGTA and Chen's prior employment discrimination suit. *Chen I*, U.S. Dist. LEXIS 176350, at \*23–24. Regardless of the propriety of Kilmnick's and Trier's decision, Chen's investigation into them and her subsequent accusation were the basis for the referral to TIGTA.

Chen's problem with the referral to TIGTA seems to be that she was not notified. Indeed, she routinely refers to it as a secret investigation. Her argument in response clarifies that she merely challenges the conduct that occurred after she left

11

the IRS. And her complaint alleges that the IRS "did not disclose Chen about continuing of being criminally investigated after she was no longer employee and became a private person." Dkt. 54, ¶ 101. She then clarified, in her complaint, that the Treasury "violates the Fifth Amendment for not providing Chen as private person with any due process in their criminal investigation." *Id.* ¶ 104. This is the full extent of her allegations under her Fifth Amendment claims. On these allegations, her Fifth Amendment claim is frivolous. She asserts that the Treasury failed to afford her due process in its criminal investigation against her. But she knows and has admitted (as explained above) that no criminal investigation ever occurred. That was at issue in her previous case. The Treasury proved undisputedly that no criminal investigation ever occurred, and Chen knows it. The claim is dismissed.

The Court does not want to encourage the pernicious practice of raising new claims in briefing that are clearly not contemplated in the complaint. But Chen repeatedly raised the accusation in argument that one or some Defendants fabricated evidence against her. She implies that such a claim is cognizable under the Fifth Amendment. Indeed, the fabrication of evidence can violate the Due Process Clause. *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016). But that claim does not exist unless the allegedly fabricated evidence was used to deprive the plaintiff of her liberty. *Id.* ("A deprivation of liberty is a necessary element of a due-process claim premised on allegations of evidence fabrication."). In this case, Chen

12

knows she never suffered a loss of her liberty. She was never arrested, charged, or subjected to a criminal trial. She knows that and has admitted it.

Pause for a minute to understand what evidence Chen argues was fabricated. She contends that Kilmnick fabricated evidence against her when he opined that her statements were antisemitic. Dkt. 84, at 9. That is a *personal* lay opinion. It is only a fabrication in the sense that lay opinions are created (or fabricated) in a person's mind. No reasonable person would conflate the existence of a personal lay opinion with the fabrication of evidence. Nonetheless, the claim requires a predicate judicial proceeding. *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) ("His claim requires him to show that the *criminal proceeding* against him—and consequent deprivations of his liberty—were caused by Smith's malfeasance in fabricating evidence.") (emphasis added). Indeed, the next sentence of that case confirms that malicious prosecution and fabrication of evidence claims both "challenge the integrity of criminal prosecutions undertaken 'pursuant to legal process.'" *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).

Thus, Chen's Fifth Amendment claims (both alleged in the complaint and improperly asserted in argument[5]) fail to state a claim. Indeed, they are both frivolous.

### e. Malicious Prosecution

Chen brings a claim of malicious prosecution, though she does not identify which Defendants are liable. In the heading of the claim, she states that the claim

---

[5] A plaintiff may plead new facts in a response brief in opposition to a motion to dismiss but cannot plead new claims. *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015).

arises under the Fourth Amendment and the Due Process Clause. In their motion to dismiss, the NTEU Defendants assumed that Chen's malicious prosecution claim arose under state law because they contend that no such constitutional claim exists. Dkt. 66, at 11. The Federal Defendants made the same assumption. Dkt. 64, at 19. Because both sets of Defendants contend that the claim only arises under Illinois law, they move to dismiss on the theory that malicious prosecution cannot occur under Illinois law when the plaintiff was not subjected to a judicial proceeding. In response, Chen argues that her malicious prosecution claim does not depend on being subjected to a judicial proceeding. She argues that Defendants' position was rejected by the U.S. Supreme Court in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), and that no judicial proceeding is necessary. Furthermore, she argues that the Court in *McDonough* created a malicious prosecution claim under the Fourth Amendment, and so she need not rely on Illinois state law. Dkt. 85, at 19–21. Importantly, Chen admits that Defendants had no authority to institute a judicial proceeding against her and that this internal matter was never referred to a prosecutor.[6]

Contrary to Chen's argument, *McDonough* does not help her. That case addressed when the statute of limitations begins to run for a fabrication of evidence claim under the Due Process Clause. *McDonough*, 139 S. Ct. at 2155. The only

---

[6] Dkt. 84, at 14 ("By not referring Chen to a prosecutorial office with authority over the kind of matter raised by Kilmnick and his conspirators of racial anti-Semitic hate and alleged life threats, Chen was left to be maliciously prosecuted by a fake authority agency like TIGTA who obviously was not authorized to take any step against Chen leading to an undue prosecution, when instead of placing the matter to district attorney they advanced the matter to another IRS agency MEGA in Washington, DC.").

14

discussion in that case about malicious prosecution occurred because the Court analogized to that state-law tort to determine when the federal fabrication of evidence claim accrued.[7] *Id.* Even there, the Court explained that the common law tort of malicious prosecution requires a showing that the "defendant instigated a criminal proceeding with improper purpose and without probable cause." *Id.* at 2156. Again, no such criminal proceeding was ever instituted against Chen, and Chen has admitted that.

Chen is correct, however, that recently courts have, in certain circumstances, seemingly recognized constitutional claims for malicious prosecution. *But see Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001); *see also Parish v. City of Chicago*, 594 F.3d 551, 552 (7th Cir. 2009) (declining to overrule *Newsome*); *Jackson v. City of Chicago*, 20 C 5630, 2021 U.S. Dist. LEXIS 51131, *5 (N.D. Ill. Mar. 18, 2021) ("While the Supreme Court partially abrogated *Newsome* in *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 197 L.Ed.2d 312 (2017), *Newsome*'s conclusions about the viability of federal malicious prosecution claims remain good law in the Seventh Circuit."). But those claims are essentially claims for unreasonable seizure pursuant to legal process. *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). In 2017, the Supreme Court addressed this question in *Manuel v. City of Joliet*, 137 S. Ct. 911, 914 (2017). The Court recognized a split in the circuits regarding which amendment was relevant for the purposes of post-arrest pretrial detention. The Court explained that the Fourth Amendment provides protections both before and

---

[7] Notably, the Court assumed without deciding that such a claim arises from the Constitution because the Second Circuit had assumed the same.

after a criminal proceeding is instituted. But again, that is because the Fourth Amendment protects people from unreasonable seizure regardless of whether a criminal proceeding has been formally instituted. *Id.* at 918. Here, Chen was never charged with a crime, she was never arrested or otherwise seized. She was not even subjected to a criminal investigation. The Fourth Amendment simply does not apply to Chen's allegations. Thus, even though a constitutional malicious prosecution claim might exist in a narrow scope of circumstances, Chen has no such claim because she was never subjected to a seizure, let alone an unreasonable one.

Furthermore, even if Chen were attempting to bring a state law malicious prosecution claim (though she seemed to disavow that), that claim requires a predicate judicial proceeding. To plead a malicious prosecution claim, a plaintiff must allege "(1) the commencement or continuation of an original criminal or civil proceeding by the defendants; (2) termination of the proceeding in his favor; (3) the absence of probable cause; (4) the presence of malice on the defendants' part; and (5) damages." *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 863 (7th Cir. 2010). Chen has admitted that no predicate judicial proceeding ever occurred. And although Chen need not plead facts supporting every element of her claim, she has pleaded herself out of court by establishing that she cannot meet an element of that claim. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).

16

### f. Conspiracy

Chen brings a conspiracy claim under 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 828–29 (1983). The NTEU Defendants' primary argument for dismissal of Chen's § 1985(3) claim is that she has failed to allege the necessary class-based animus required under the statute. Dkt. 66, at 8. Indeed, § 1985(3) offers an avenue to legal redress for conspiracies undertaken "with the purpose of depriving any person or group of equal protection." *Gunawardana v. Am. Veterinary Med. Ass'n*, No. 21-1330, 2021 U.S. App. LEXIS 31941, at *8 (7th Cir. Oct. 25, 2021). And that means that "racial or class-based discriminatory animus" is a "required element." *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016).

Chen's argument that she has alleged class-based animus is simple—and unavailing. She contends that the onset of the coronavirus pandemic has resulted in increased discrimination against people of Asian descent. Dkt. 54, ¶¶ 126–28. But the existence of heightened levels of discrimination against Asians in general says nothing about the conduct of the Defendants in question in this suit. To hold otherwise would require the Court to assume that just because some Americans harbor discriminatory views, that *these* Americans must harbor discriminatory

17

views. The argument is untenable and illogical. Second, put the argument in context. Chen resigned from the IRS in January of 2008, more than twelve years before the coronavirus pandemic took hold in the United States. The idea that the coronavirus pandemic—and any heightened discrimination against people of Asian descent that resulted—had any effect whatsoever on the events giving rise to this action, is nonsense. Indeed, it is frivolous. Lastly, Chen occasionally avers that class-based animus can be inferred because of the allegation that Kilmnick believed some of her comments were antisemitic. In other words, she invites the Court to infer that merely being called racist is itself a sign that the offended person also harbors racial animus. That is not a reasonable inference.

Thus, because Chen has failed to allege class-based animus, she has failed to state a claim under § 1985(3). One final note on this topic. At several points, Chen alludes to § 1986, which provides a right of action for neglect to prevent a class-based conspiracy. But that claim relies on the existence of a § 1985(3) claim. Because Chen has no such claim, she also has no claim under § 1986. *Katz-Crank*, 843 F.3d at 650.

### g. The dismissal is with prejudice

The Court often liberally allows plaintiffs to amend their complaints following a dismissal. That is especially true when, as here, the plaintiff is litigating her case without the aid of an attorney. This case presents the exception to that rule. The Court dismisses this action with prejudice for two reasons. First, this action assumes a falsehood. It assumes that Chen was subjected to a criminal

18

proceeding. She was not, and Chen is aware of that. Without that predicate criminal proceeding, this action cannot state a claim, for the reasons explained above. So, if Chen were to attempt to amend this complaint to repair the deficiencies explained in this opinion, she would have to again falsely allege that a criminal proceeding occurred. But filing a complaint based on a premise the plaintiff knows is false is both frivolous, done in bad faith, and can only be for improper purposes, such as harassment. Thus, it violates Chen's obligations under Federal Rule of Civil Procedure 11(b). Indeed, *pro se* plaintiffs are not excused from compliance with Rule 11. *Cheek v. Doe*, 828 F.2d 395, 397 (7th Cir. 1987).

Second, because of this incurable deficiency in Chen's claim, amendment would be futile. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Thus, for these reasons, the Court exercises its discretion to deny Chen any further opportunities to repair her complaint. The dismissal is with prejudice.

### III. Conclusion

For the reasons explained above, the Court grants the motions to dismiss [63, 65]. The dismissals are with prejudice. Civil case terminated.

Date: July 19, 2022

Honorable Iain D. Johnston
United States District Judge